Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB 176240
RUGGED LAW, INC.
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Of Attorneys for Plaintiffs

## IN THE FEDERAL DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| ELI LAURITZEN, an Individual,<br><br>                Plaintiffs,<br><br>     v.<br><br>PEACEHEALTH, a corporation,<br><br>                Defendant. | Case No. 6:23-cv-01718-MK<br><br>**FIRST AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES (EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

COME NOW, Plaintiffs, through counsel, and file this First Amended Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

### INTRODUCTION

This case centers around the Plaintiff, former employee of a health care entity owned by Defendant PeaceHealth, and the unlawful religious discrimination they suffered because of their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

### JURISDICTION, VENUE, AND PARTIES

1.

Jurisdiction in the Federal District for the District of Oregon is proper because Plaintiffs' claims involve federal questions since they arise under Title VII of the Civil Rights Act. This Court has supplemental jurisdiction over Plaintiffs' state law claims since they involve the same

facts and circumstances as the federal claims. Venue for this action is also proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Eugene area. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon.

2.

Plaintiff has exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and is bringing this Complaint within the 90-day time limit allocated to her by statute. On March 26, 2024, Plaintiff received a 90 day right to sue letter, making her deadline to file suit June 24, 2024. Thus, this lawsuit is timely filed.

3.

In order for an EEOC complaint to put an employer on notice of claims that could impact an entire group of employees, including a plaintiff and other similarly situated individuals, it is not necessary to include class action language or state that the EEOC complaint is on behalf of others similarly situated. *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 380–81 (D. Ariz. 2013), *amended in part sub nom. Estrada v. Bashas' Inc.*, CV-02-00591-PHX-RCB, 2014 WL 1319189 (D. Ariz., Apr. 1, 2014). Plaintiff reserves the right to assert claims on behalf of a class of similarly situated individuals.

4.

On information and belief, Peacehealth terminated approximately over 500 religious employees who had submitted religious or exemptions from the vaccine mandates and refused to accommodate them in violation of state and federal law. The Plaintiff and other Peacehealth employees filed approximately 100 similar complaints with the EEOC or the Oregon Bureau of Labor. After receiving just one EEOC complaint, Peacehealth was on notice that the Plaintiff and other similarly situated employees intended to their claims for wrongful termination due to Peacehealth's actions. The EEOC was also on notice about these complaints that numbered in the hundreds.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

5.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

6.

As described in greater detail below, Plaintiff worked in a Peacehealth facility during the COVID-19 pandemic, which began in March of 2020. Plaintiff was an exceptional employee, and maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary.

7.

In the summer of 2021, the Defendant imposed a vaccine mandate on its employees. Consistent with state and federal law, employees with religious convictions anathema to the vaccine, or who had medical conditions inconsistent with the vaccine, had the right to apply for religious or medical exceptions to the vaccine.

8.

Plaintiff held sincere and profound religious belief which prevented him from being able to take the available COVID-19 vaccines. His religious beliefs were in direct conflict with taking the COVID-19 vaccine.

9.

Peacehealth discovered that the vast majority of the requested exemptions from the vaccine mandate involved religious exemptions. Over 500 employees working for Peacehealth submitted religious exemptions. Peacehealth was aware that its policies regarding whether to accommodate those with religious exemptions would have a profound negative effect on the number of religious individuals working for Peacehealth who have religious beliefs that prevented them from taking the available COVID-19 vaccines.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

10.

After Plaintiff and other similarly situated individuals submitted religious exemptions, Peacehealth's agents were aware that the vast majority of individuals who objected to taking the vaccines did so for religious reasons.

11.

On information and belief, Peacehealth's agents had religious animus towards the employees with religious convictions against taking any of the available COVID-19 vaccines, and intentionally implemented policies and procedures designed to ensure that those people would not be able to continue working for Peacehealth under the pretext that continuing to work in a hospital setting would present a health risk to other employees or employees themselves.

12.

Peacehealth's claims of undue burden are also belied by the fact that Peacehealth refused to provide remote work as an accommodation for workers who submitted religious exemptions.

13.

Peacehealth not only failed to provide reasonable accommodation to its employees who sought exemptions from the COVID-19 vaccine mandate, it also placed them on unpaid administrative leave for a significant amount of time, resulting in a wrongful reduction in pay during the time that religious employees were placed on unpaid leave. During this time, Peacehealth used the financial pressure imposed by its unpaid leave to try to force religious employees to get vaccinated, despite their sincere religious convictions. The time period on unpaid leave often meant that employees could not get a new job because they were still technically employed, even though Peacehealth quickly cut off most employee benefits.

14.

Peacehealth retaliated against its employees who were engaged in a lawful process of filing religious exemptions by ignoring the process suggested by the EEOC, which states that sincerity of religious beliefs should be presumed, but if an employer has objective evidence to believe that

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

a person's religious beliefs are not sincere, they should conduct a follow-up inquiry. Peaceheath accepted every religious exemption, and did not conduct a follow-up inquiry at the time to gather more details from religious employees whose exemptions were vague or rudimentary. As a result, it cannot now claim that its employees failed to provide enough information about their religious beliefs in their religious exemptions when it never gave employees an opportunity to explain their religious beliefs in more detail as EEOC guidelines require. Peacehealth chose to grant every exemption, but to put every person on unpaid leave in retaliation for their filing a request for accommodation. This is demonstrated by the fact that Peacehealth did not negotiate with each employee to find an accommodation that would work for them given their specific job duties, position, or ability to work remotely. Instead, Peacehealth treated every religious exemption with the same broad brush, and imposed the same discriminatory and retaliatory adverse employment action on each religious employee.

15.

When Peacehealth finally chose to terminate those religious employees who still had not taken the vaccine after weeks or months of unpaid leave, many employees could not find jobs, because other regional hospitals had enacted similar policies. Religious hospital employees with specialized jobs often had difficultly finding new employment after termination. Some had to move out of state or change professions entirely. Peacehealth's decision to terminate religious employees caused significant financial hardship and emotional trauma to those employees on a massive scale.

16.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

17.

## **ELI LAURITZEN**

Plaintiff Eli Lauritzen worked for five years as a Registered Nurse for PeaceHealth Riverbend Medical Center. He was a stellar employee and consistently received excellent

performance reviews. He was nominated for the Daisy Award three times, was nominated for the Nursing Excellence Award, frequently mentored new hires, and students, and participated extensively in Nursing Leadership Committees throughout his five years of employment before being placed on unpaid leave.

18.

When PeaceHealth's COVID-19 vaccine policy was imposed, Plaintiff Lauritzen applied for a religious exception, anticipating it would be approved and accommodated, and that he would be able to keep working at the job he loved. Plaintiff Lauritzen believes his body is a gift from God his creator, and that he is charged with only putting into his body that which God deems clean, and to care for his body as God's temple. Plaintiff Lauritzen sincerely believes that this includes food, drink, medicines, and vaccines. PeaceHealth did accept Plaintiff Lauritzen's exception but did not offer reasonable accommodation. Instead, he was discriminated against, subjected to a hostile work environment, and placed on indefinite unpaid administrative leave beginning September 1, 2021. This unpaid administrative leave was extended several times until December 2022, when Plaintiff Lauritzen was forced to resign given the undue financial and emotional stress, and the need to support his family.

19.

Plaintiff Lauritzen is the sole provider of income, health benefits and life insurance for his spouse and three children. The loss of income, benefits and stability has been devastating to Plaintiff Lauritzen and his family, causing financial harm, unmet health needs, and emotional distress including depression and anxiety. Prior to Plaintiff Lauritzen's placement on unpaid leave, they had recently sold their home in Springfield, Oregon and were living in their RV. Plaintiff Lauritzen and his family were in search of a new home and property but were unable to secure a loan, given his loss of active employment with PeaceHealth. This resulted in not only a loss of earned wages but also an inability to purchase a new home as prices for homes soared and interest rates climbed. Plaintiff Lauritzen and his family were forced to move out of state where he could

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

obtain work, and where his religious exception was accepted and accommodated. Plaintiff Lauritzen was forced to obtain a mortgage interest rate that is double the amount he was pre-approved for prior to being placed on unpaid leave. He and his family will be paying the additional costs for years to come due to PeaceHealth's failure to reasonably accommodate his religious exception and allow him to continue to work.

20.

In addition, Plaintiff Lauritzen was unable to afford health insurance, unable to contribute and benefit from continued investment in his retirement plan with PeaceHealth, lost vacation time accrual, overtime opportunity, and most of all, live close to family and friends. Plaintiff Lauritzen has suffered economic damages of at least $375,000.00 and non-economic damages of at least $700,000.00, or an amount to be determined at trial.

21.

### FIRST CLAIM FOR RELIEF – All Plaintiffs
### (Unlawful Employment Discrimination Based on Religion
### in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

22.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious beliefs in the tenets of Christianity, as evidenced by Defendant PeaceHealth granting his requested exception.

23.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

24.

When Plaintiff requested an exception to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiffs' religious beliefs.

25.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful effective terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual wrongful terminations.

26.

Defendant's violations of ORS 695A.030(1) are more specifically described as follows:

Defendant's violations of ORS 695A.030(1) are more specifically described as follows:

1. Wrongful Termination. Defendant wrongfully terminated Plaintiff in violation of ORS 695A.030 by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation and terminating them after they invoked their rights under ORS 695A.030 in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating them as a group to be terminated, violated 695A.030 anti-discrimination prohibition on the basis of both disparate treatment and disparate impact.

2. Wrongful reduction in pay. Defendant wrongfully reduced the Plaintiff's pay under Title VII and ORS 695A.030(1)(b) in a discriminatory manner on the basis of their religion by placing them on unpaid administrative leave after they submitted religious exemptions.

3. Retaliation. Defendant violated retaliation provisions of ORS 695A.030 by segregating and terminating the Plaintiff and other similarly situated individuals who invoked ORS 695A.030 protections in their initial requests for religious exemptions, and then terminating them for that invocation of their rights under ORS 695A.030. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation.

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

4. Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiffs' request for a religious exemption in violation of ORS 695A.030. Even though Defendant could have simply and safely permitted the Plaintiffs to continue working under a religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant summarily placed Plaintiffs and other similarly situated employees who filed religious exemptions on unpaid administrative leave, regardless of the nature of their position and the level of risk they may have posed. Defendant did not treat Plaintiff like it had treated similarly situated religious employees regarding prior vaccine mandates for influenza or other diseases. Previously, employees needed to simply check a box to obtain a religious exemption. Legacy also did not simply accept the OHA form. Legacy demanded a longer form, and implied that a letter from a pastor or religious leader was necessary, even though the OHA form did not require it. Legacy imposed a significant amount of unnecessary onerous requirements in order to discourage religious employees from completing all of the paperwork necessary to obtain an exemption. All these policies, procedures, and practices involving the way Legacy treated religious employees seeking religious exemptions demonstrated religious animus to those employees, treating them differently than similarly situated religious employees during prior pandemics and vaccine mandates.

5. Company-wide, or systemic, discriminatory pattern or practice in violation of ORS 695A.030 which had a disparate negative impact on religious healthcare employees in Oregon. Company-wide, or systemic, discriminatory pattern or practice in violation of Title VII of the Civil Rights Act. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field.

6.  Defendant's staff and employees created a hostile work environment for the Plaintiff by making threatening and hostile statements which made the claimant feel intimidated, harassed, and humiliated on account of their sincere religious beliefs in opposition to the COVID-19 vaccine. A significant amount of this harassment occurred after Plaintiff and similarly situated individuals submitted their religious exemptions. Thus Defendant was on notice that the vast majority of those seeking exemptions sought religious exemptions, and the vast majority of the unvaccinated were choosing to be unvaccinated for religious reasons. Peacehealth created a hostile work environment designed to humiliate religious employees for their religiously motivated decisions, in this case, choosing not to take the vaccine.  One of the ways in which defendants created the hostile work environment was by handing out yellow badge stickers to vaccinated employees, encouraging them to wear their vaccination status on their badges. This action publicly exposed to humiliation and embarrassment anyone who was not vaccinated by making it obvious to everyone which employees were vaccinated or unvaccinated. After the deadline to submit religious exemptions, on information and belief, Peacehealth knew or had reason to know that the majority of those that remained working unvaccinated in its facilities chose to do so for religious reasons. Defendant's agents and employees circulated inflammatory and demeaning memes on social media designed to humiliate Plaintiffs and make them look stupid, and everyone was able to see their vaccination status. Many of these actions occurred after Plaintiff put defendant on notice of his religious objections to vaccination through his religious exemption. These actions by the Defendant had a disproportionately negative impact on people who had submitted religious exemptions from the vaccine mandate and led to discrimination against them due to their religious beliefs, since Plaintiffs' religious beliefs prevented them from taking the vaccine. Plaintiffs felt

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

humiliated, ostracized, and exposed, and their co-workers treated them poorly on account of their religious practice. This created a hostile and toxic work environment for the Plaintiff, which damaged his mental and emotional health.

27.

In addition, Plaintiff Lauritzen was unable to afford health insurance, unable to contribute and benefit from continued investment in his retirement plan with PeaceHealth, lost vacation time accrual, overtime opportunity, and most of all, live close to family and friends. Plaintiff Lauritzen has suffered economic damages of at least $375,000.00 and non-economic damages of at least $700,000.00, or an amount to be determined at trial. Plaintiff seeks attorney's fees under ORS 659A.885.

28.

**SECOND CLAIM FOR RELIEF- All Plaintiffs**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

29.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious beliefs in the tenets of Christianity, as evidenced by Defendant granting his requested exception.

30.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

31.

When Plaintiff requested an exception to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

32.

Instead of finding reasonable accommodation or set of accommodations for his religious

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

beliefs, the Defendant engaged in a series of adverse employment actions culminating in the Plaintiff's unlawful effective termination. The unlawful discrimination against Plaintiff's religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

33.

Defendant's violations of Title VII are more specifically described as follows:

1. Wrongful Termination. Defendant wrongfully terminated the Plaintiff in violation of Title VII of the United States Civil Rights Act by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation, and terminating them after they invoked their rights under Title VII in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group to be terminated, violated Title VII's anti-discrimination prohibition on the basis of both disparate treatment and disparate impact.

2. Wrongful reduction in pay. Defendant wrongfully reduced Plaintiff's pay under Title VII in a discriminatory manner on the basis of her religion by placing her on unpaid administrative leave after they submitted a religious exemption.

3. Retaliation. Defendant violated retaliation provisions of Title VII by segregating and terminating the Plaintiff and other similarly situated individuals who invoked Title VII's protections in their initial requests for religious exemptions, and then terminating them for that invocation of their rights under Title VII. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation.

4. Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiffs requests for a religious exemption in violation of Title VII and the corresponding provisions of Oregon law. Even though

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Defendant could have simply and safely permitted the Plaintiffs to continue working under a religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant summarily placed Plaintiff and other similarly situated employees who filed religious exemptions on unpaid administrative leave, regardless of the nature of their position and the level of risk they may have posed.

5. Company-wide, or systemic, discriminatory pattern or practice in violation of Title VII of the Civil Rights Act which had a disparate negative impact on religious employees in Oregon. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field.

6. Defendant's staff and employees created a hostile work environment for the Plaintiff by making threatening and hostile statements which made the claimant feel intimidated, harassed, and humiliated on account of their sincere religious beliefs in opposition to the COVID-19 vaccine. A significant amount of this harassment occurred after Plaintiff and similarly situated individuals submitted their religious exemptions. Thus Defendant was on notice that the vast majority of those seeking exemptions sought religious exemptions, and the vast majority of the unvaccinated were choosing to be unvaccinated for religious reasons. Peacehealth created a hostile work environment designed to humiliate religious employees for their religiously motivated decisions, in this case, choosing not to take the vaccine. One of the ways in which defendants created the hostile work environment was by handing out yellow badge stickers to vaccinated employees, encouraging them to wear their vaccination status on their badges. This action publicly exposed to humiliation and embarrassment anyone who was not vaccinated by making it obvious to everyone which employees were vaccinated or unvaccinated. After the deadline to submit religious

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

exemptions, on information and belief, Peacehealth knew or had reason to know that the majority of those that remained working unvaccinated in its facilities chose to do so for religious reasons. Defendant's agents and employees circulated inflammatory and demeaning memes on social media designed to humiliate Plaintiffs and make them look stupid, and everyone was able to see their vaccination status. Many of these actions occurred after Plaintiff put defendant on notice of his religious objections to vaccination through his religious exemption. These actions by the Defendant had a disproportionately negative impact on people who had submitted religious exemptions from the vaccine mandate and led to discrimination against them due to their religious beliefs, since Plaintiffs' religious beliefs prevented them from taking the vaccine. Plaintiffs felt humiliated, ostracized, and exposed, and their co-workers treated them poorly on account of their religious practice. This created a hostile and toxic work environment for the Plaintiff, which damaged his mental and emotional health.

34.

In addition, Plaintiff Lauritzen was unable to afford health insurance, unable to contribute and benefit from continued investment in his retirement plan with PeaceHealth, lost vacation time accrual, overtime opportunity, and most of all, live close to family and friends. Plaintiff Lauritzen has suffered economic damages of at least $375,000.00 and non-economic damages of at least $700,000.00, or an amount to be determined at trial.

35.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendant and seek the following relief:

1. A judgment in favor of Plaintiffs and against Defendant on their claims in an amount to be determined at trial.

2. Plaintiffs seek a trial by Jury on all claims to which Plaintiffs are entitled to a jury trial.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 24th day of June, 2024.

RUGGED LAW, INC.

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
Paul Janzen, OSB No. 176240
caroline@ruggedlaw.com
Of Attorneys for the Plaintiff

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999